Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000603
21-MAY-2018
08:07 AM

NO. CAAP-17-0000603

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I,
Plaintiff-Appellant,
v.
JAROD SHINSATO, aka Jarod R. Shinsato,
Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 16-1-1534)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Chan, JJ.)

Plaintiff-Appellant the State of Hawai'i (State)
appeals from the "Findings of Fact, Conclusions of Law and Order
Granting in Part and Denying in Part Motion to Suppress
Statements and Evidence, Filed By Defendant on February 22, 2017,
and Supplemental Motion to Suppress Statements and Evidence,
Filed by Defendant on June 19, 2017" (FOF/COL/Order on Motion to
Suppress) entered on July 12, 2017 in the Circuit Court of the
First Circuit (circuit court).[1]

On September 28, 2016, the State charged Defendant-
Appellee, Jarod Shinsato (Shinsato) with one count of Habitually
Operating a Vehicle Under the Influence of an Intoxicant in
violation of Hawaii Revised Statutes (HRS) § 291E-61.5(a)(1),
(2)(A), and (2)(C), and one count of Driving Without License in

---

[1]     The Honorable Christine E. Kuriyama presided.

violation of HRS § 286-102.

On June 19, 2017, Shinsato moved to suppress, among other things, his statements "[m]ade on February 6, 2016, at around 2:07 am, while in his vehicle located on Kalanianaole Highway."

On July 12, 2017, the circuit court suppressed Shinsato's statement "I just came from a bar" on the grounds that the statement "was the result of an interrogation that occurred while he was in custody or 'otherwise deprived of his freedom by the authorities in any significant way', and that the statement was illegally secured and was obtained in violation of his constitutional rights."

In the instant appeal, the State contends that the circuit court erred in suppressing Shinsato's statement, "I just came from a bar," on the grounds that the statement was the result of a non-Mirandized custodial interrogation.[2]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we vacate and remand the case for further proceedings.

The facts of this case are very similar to the facts presented in State v. Wyatt, 67 Haw. 293, 687 P.2d 544 (1984), and in State v. Kuba, 68 Haw. 184, 706 P.2d 1305 (1985). In both cases, the supreme court noted that

> the stopping of an automobile and the detaining of its occupants for a brief period during a traffic stop constituted a seizure within the meaning of the Fourth and Fourteenth Amendments to the United States Constitution under Delaware v. Prouse, 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979). [Wyatt, 67 Haw. at 299, 687 P.2d at 549]. Where, however, the seizure of the defendant is reasonable to investigate a traffic violation and the investigating police officer engages in legitimate, straightforward, and noncoercive questioning necessary to obtain information to issue a traffic citation, there is no custodial interrogation; no Miranda warnings are required before the police officer begins asking questions. _Id._ at [299-300], 687 P.2d at 549-50.

Kuba, 68 Haw. at 188, 706 P.2d at 1309.

---

[2] Shinsato's trial has been discontinued until after the resolution of the instant appeal.

In Wyatt, police officers pulled Wyatt's car over for driving without headlights on at night. Wyatt, 67 Haw. at 296, 687 P.2d at 547. While Wyatt was rummaging for her driver's license and other documentation requested by the police officers, one of the police officers smelled an intoxicating liquor emanating from the inside of the car. Id. at 296-97, 687 P.2d at 548. The officer then asked Wyatt if she had been drinking, which she admitted to. Id. at 297, 687 P.2d at 548. The supreme court held that the roadside questioning of Wyatt that led to an utterance of an inculpatory statement by Wyatt was not "motivated by subterfuge or trickery" nor "intimidating or inherently coercive," and thus "did not rise to the level of interrogation calling for Miranda warnings." Id. at 299-300, 687 P.2d at 549-50.

In Kuba, a police officer stopped Kuba's car after observing it traveling at an abnormally slow speed and straddling two lanes. Kuba, 68 Haw. at 189, 706 P.2d at 1310. The officer told Kuba why he was being stopped and that he suspected Kuba of driving under the influence of intoxicating liquor. Id. at 185, 706 P.2d at 1307. Kuba responded that he had consumed four beers earlier, to which the officer asked Kuba if he "normally gets wasted on four beers." Id. Kuba then responded that he had also smoked marijuana. Id. at 185-86, 706 P.2d at 1307. The supreme court, noting that the facts of Kuba were "almost indistinguishable from the facts presented in [Wyatt]," held that the officer's questioning of Kuba did not rise to the level of custodial interrogation requiring that Miranda warnings be given. Id. at 188-189, 706 P.2d at 1309-1310.

In the instant case, Officer Brissette observed Shinsato's vehicle swerving and speeding on Kalanianaole Highway and suspected that Shinsato might be driving under the influence. After pulling Shinsato over, Officer Brissette observed Shinsato's physical demeanor, smelled the odor of alcohol, and saw that Shinsato's face was flushed and that his eyes were red and glassy. Officer Brissette then informed Shinsato that he was being stopped for speeding and swerving, then asked Shinsato why he was swerving so badly or whether there was a reason that he

3

was swerving so badly. Shinsato replied, "I just came from a bar."

In suppressing Shinsato's statement that "[he] just came from a bar," the circuit court reasoned that "[i]n light of the totality of the circumstances presented, Officer Brissette's question to Defendant about why he was swerving so badly, or was there a reason for Defendant swerving so badly, constituted more than a general investigatory question and was inquisitive, intrusive, coercive and/or accusatory in nature," therefore, Shinsato should have been given his Miranda warnings prior to Officer Brissette's question. We disagree. Officer Brissette asking why Shinsato was swerving, after informing Shinsato that he had observed Shinsato's car swerving, was straightforward and noncoercive, and therefore, did not rise to the level of interrogation requiring Miranda warnings. Accordingly, we conclude that the trial court erred in suppressing Shinsato's statement, "I just came from a bar."

Based on the foregoing, we vacate the circuit court's "Findings of Fact, Conclusions of Law and Order Granting in Part and Denying in Part Motion to Suppress Statements and Evidence, Filed By Defendant on February 22, 2017, and Supplemental Motion to Suppress Statements and Evidence, Filed by Defendant on June 19, 2017" entered on July 12, 2017, and remand the case for further proceedings consistent with this Summary Disposition Order.

DATED: Honolulu, Hawai'i, May 21, 2018.

On the briefs:

Keith M. Kaneshiro,
Prosecuting Attorney, and
Brian R. Vincent,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellant.

Jonathan Burge,
for Defendant-Appellee.

Presiding Judge

Associate Judge

Associate Judge

4